IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER MICHAEL DIEHL, an individual,  )<br>      Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>COUNTY OF ALLEGHENY,  )<br>      Defendant.  ) | Civil Action No. 06-00150<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

This matter is before the Court on a Motion for Summary Judgment [27], filed by Defendant County of Allegheny on December 17, 2007, in which it seeks summary dismissal of both counts in Plaintiff's Amended Complaint, i.e., defamation under the common law of Pennsylvania and wrongful termination on the basis of political affiliation in violation of the First Amendment to the United States Constitution and 42 U.S.C. § 1983. On February 22, 2008, Plaintiff filed his Answer to Motion for Summary Judgment. The Court will consider each count in turn.

First, as to defamation, because Plaintiff concedes his defamation claim at Count I, *see* Docket No. 34 at 2 ("Plaintiff is not pursuing his State law claim for defamation"), the Court will grant summary judgment as to the same and dismiss Plaintiff's claim for defamation with prejudice.

Second, as to wrongful termination, the Court finds that numerous genuine issues of material fact remain surrounding the reasons for Plaintiff's termination. In support of its argument for summary judgment, Defendant asserts that Plaintiff cannot establish any political affiliation or that his termination stemmed from any motivation by his association or failure to associate with a certain individual; on the contrary, Defendant contends, Plaintiff's termination resulted from an audit report[1]

---

[1] The Allegheny County Controller conducted an audit of a park house rental program and released a draft on June 28, 1999. Defendant terminated Plaintiff on July 1, 1999. The final report is dated July 22, 2007. (*See* Docket No. 29 at ¶¶ 7,10) (Statement of Undisputed Facts) (hereinafter,

of the park houses program which criticized his performance as Recreation Operations Manager of the Division of Recreation within the Department of Parks.

In order to establish a *prima facie* case of discrimination based upon political affiliation, a public employee must prove (1) that the employee works for a public agency in a position that does not require a political affiliation, (2) that the employee maintained an affiliation with a political party, and (3) that the employee's political affiliation was a substantial or motivating factor in the adverse employment decision. *Robertson v. Fiore*, 62 F.3d 596, 599 (3d Cir.1995) (citing *Laskaris v. Thornburgh*, 733 F.2d 260, 265 (3d Cir.1984)).[2]

The Court finds that genuine issues of material fact exist as to both the motivating factor behind the Plaintiff's termination as well as the degree of Plaintiff's responsibility for the Department of Public Works's oversight of the Park House Rental Program. As to the former, Plaintiff proffers deposition testimony recalling conversations between him and Uri Norris, an employee of the Parks Division appointed by Commissioner Robert Cramner, indicating their (Cranmer and Norris) desire to discharge employees who supported Commissioner Larry Dunn, including the Plaintiff. (*See* Diehl Deposition at 122:18-123:14)[3] (recounting conversations on several occasions in which Norris "advised [Plaintiff] that Cranmer is running the show now and that

---

"Defendant's SOF"); (Docket No. 36, at ¶¶ 7,10) (Response to Defendant's Statement of Undisputed Facts and Plaintiff's Concise Statement of Material Facts in Issue).

[2] For purposes of the instant motion, Defendant concedes the first element. (*See* Docket No. 28 at 6). Further, as to the second element, which Defendant apparently does not concede, the Court finds that Defendant met his burden by demonstrating his support for Commissioner Dunn by way of his deposition testimony, which again, Defendant does not challenge. (*See* Docket No. 36-2 at 50:15-24 & 120:11-128:20) ("Diehl Deposition").

[3] Citations to page numbers of Diehl's deposition herein refer to the original page numbers.

Larry Dunn's supporters would soon be gone" as well as one conversation where Norris "said [Plaintiff] better get in line with him"); (*see also* Diehl Deposition at 103:13-104:12). Moreover, as to Defendant's purported reason for terminating Plaintiff, i.e., the audit, a reasonable reading of the same reveals that the Park House Rental Program had been problematic well before the Plaintiff's tenure as Operations Manager of the Parks Department began, i.e., approximately August 13, 1998 (see Defendant's SOF at ¶2), which directly undermines Plaintiff's reason for termination.[4] (*See* Docket No. 29, Exh. 3, at 4) (providing that the Allegheny Controller's audit review "included an analysis of cash flows transmitted to the county for the period August 1, 1994 through December 31, 1998) ("Review of the Department of Public Works' management and Operational Controls Over the Park House Rental Program"). What is more, in Plaintiff's Concise Statement of Material Facts in Issue (*see* Docket No. 36, at ¶¶12-29), to which Defendant did not respond, Plaintiff contends that his responsibilities as Operations Manager of the Department of Parks did not include oversight of the Park House Rental Program, (*see* Docket No. 36, at ¶14). Interpreting the facts in the light most favorable to the non-moving party and drawing all reasonable inferences therefrom in his favor, *see Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007), as required at this stage, the Court finds that genuine issues of material fact exist as to the motivation behind Plaintiff's termination.

Accordingly, based on the foregoing, the Court **GRANTS** in part and **DENIES** in part Motion for Summary Judgment [27]. The Court grants said motion to the extent that Defendant seeks dismissal of Plaintiff's defamation claim and the Court dismisses the same with prejudice. The

---

[4] Furthermore, while Defendant contends that the audit report "was very critical of [Plaintiff's] performance," (*see* Docket No. 28 at 6), Defendant fails to point to a single passage in the audit report that directly criticizes Defendant's performance.

3

Court denies said motion to the extent that Defendant seeks dismissal of Plaintiff's wrongful termination claim.

The Court sets this matter for a status conference on April 15, 2008 at 9:00 a.m., at which the Court will discuss the possibility of alternative dispute resolution as well as a date for trial and other pre-trial deadlines. Counsel for the parties shall appear in-person.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: March 17, 2008

cc/ecf: All counsel of record.