# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER MICHAEL DIEHL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-0150 Judge Nora Barry Fischer |
| COUNTY OF ALLEGHENY | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Before the Court is Plaintiff Peter Michael Diehl's ("Plaintiff") Motion to Mold Verdict to Include Loss of Value of Whole Life Insurance Policy (Docket No. 79); Defendant County of Allegheny's ("Defendant") Motion in Limine to Exclude Pension Contributions from Back Pay Calculations (Docket No. 80); and Defendant's Motion to Compel the Production of Documents (Docket No. 86). The Court will address each motion, in turn.

**I.     Plaintiff's Motion to Mold Verdict to Include Loss of Value of Whole Life Insurance Policy (Docket No. 79)**

After Plaintiff was terminated from his position with Defendant, he cashed in his life insurance policy for a cash surrender value of $5,677.75. (Docket No. 79 at 2). Plaintiff contends that he was forced to redeem said policy as a result of his termination, and would otherwise have redeemed the policy for $25,000 at the age of 62. (*Id*. at 2). Plaintiff claims,

therefore, that he suffered a loss of $28,048.12.[1] (*Id*. at 4).

Defendant argues that because, prior to trial, the parties agreed that the jury would consider compensatory damages and the Court would consider the availability of front and back pay, Plaintiff may not seek to introduce evidence of special damages at this stage. (Docket No. 83 at 1).[2] Plaintiff counters that he is not requesting the value of his insurance policy as a part of his back pay; rather, he is requesting it as an item of special damage, and asserts that he can properly raise this issue at this stage of the litigation. (Docket No. 87 at 1). Plaintiff relies on Federal Rule of Civil Procedure 54(c) and *Moussa v. Pa. Dep't of Pub. Welfare*, 289 F. Supp. 2d 639, 665 (W.D. Pa. 2003) in support of this proposition. (*Id*. at 1-2).

Plaintiff's reliance on Federal Rule of Civil Procedure 54(c) is misplaced. Rule 54(c) provides that "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." FED. R. CIV. P. 54(c). Plaintiff argues that

---

[1] The total amount sought by Plaintiff is $29,240.00, which includes the principal amount of $5,677.65 paid to him in the year 2000, plus $3,048.12 interest on that amount to the present. Further, Plaintiff seeks the $19,355.35 he would have received on May 31, 2013 from the policy had he not cashed it in. (Docket No. 79 at 3).

[2] Indeed, as reflected in the final charge to the jury, the parties agreed prior to trial that the jury would determine compensatory damages, and the Court would determine front and back pay. The Court instructed the jury that they could "award damages for any pain, suffering, inconvenience, emotional or mental anguish, reputational harm, or loss of enjoyment of life that Mr. Diehl prove[d] he experienced as a consequence of Allegheny County's allegedly unlawful act." The jury was further instructed that, "in awarding compensatory damages, you are not to award damages for the amount of wages or benefits that Mr. Diehl would have earned, either in the past or in the future, if he had continued in employment with Allegheny County. In this case, the determination of "back pay," "front pay," and any loss of benefits, if any, is for the Court." "Loss of benefits" in this context related to the benefits of Plaintiff's employment, not to insurance benefits he had purchased on his own. The jury awarded Plaintiff $144,000 in compensatory damages. (Docket No. 68).

under the rule, he "is not required to list or raise any particular item of special damage at trial or in the pleadings." (Docket No. 87 at 1). However, Federal Rule of Civil Procedure 9(g) dictates that "[i]f an item of special damage is claimed, it must be specifically stated" in the pleadings. FED. R. CIV. P. 9(g). Thus, Rule 9(g) is an exception to Rule 54(c), in that it requires that a complaint plead special damage. *Avitia v. Metropolitan Club*, 49 F.3d 1219, 1226 (7th Cir. 1995). At the same time, failure to plead special damages does not preclude a special damages award as long a defendant had adequate notice, as the purpose of the rule is to prevent the defendant from being surprised by "the extent and character of the plaintiff's claim." 5A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1310 (3d ed. 2004); *see also Bowles v. Osmose Utils. Servs.*, 443 F.3d 671, 675 (8th Cir. 2006).

A review of Plaintiff's Amended Complaint reveals that he did not plead any item of special damage. (*See* Docket No. 12). Plaintiff did, in his pretrial statement, list as an item of special damage indicating that "because of his financial condition he had to case in a whole life insurance policy worth $8,000." (Docket No. 59 at 6). However, given that Plaintiff is now claiming he is entitled to $29,240.00 as a result of cashing in his life insurance policy, this one line in his pretrial statement cannot be said to adequately put Defendant on notice as to extent of Plaintiff's claim. Thus, Plaintiff failed to properly plead damages related to the loss of value of his insurance policy.

Furthermore, Plaintiff's reliance on *Moussa* is similarly misplaced. The court in *Moussa* found that the plaintiff's testimony during trial that he was forced to cash in savings bonds that he had put aside for his children's education supported the jury's finding that he suffered actual injury. *Moussa v. Pa. Dep't of Pub. Welfare*, 289 F. Supp. 2d 639, 666 (W.D. Pa. 2003). Unlike

the instant case, the court in *Moussa* was not asked to determine whether it was appropriate to award an item of special damage, post-trial, where the plaintiff had not previously pled the special damage at issue.

Accordingly, Plaintiff's Motion to Mold Verdict to Include Loss of Value of Whole Life Insurance Policy (Docket No. 79) is DENIED.

**II.     Defendant's Motion in Limine to Exclude Pension Contributions from Back Pay Calculations (Docket No. 80)**

Plaintiff contends that the Court, in calculating back pay, should include damages in the amount of $90,500.00, which represents the amount of matching contributions the County made to his pension prior to his termination. (Docket No. 80-2 at 2). Defendant argues that Plaintiff is not entitled to the County's matching contributions because even after he was terminated, he could have opted to have his contributions remain with the Allegheny County Retirement Board, and would have been entitled to receive his pension upon reaching retirement age. (Docket No. 80 at 2-3). However, Plaintiff decided to withdraw his contributions to the fund upon his termination, and Defendant contends that Plaintiff signed a valid waiver in which he relinquished all rights to the benefits he now seeks. (*Id.*). Plaintiff contends that the waiver is not a valid contract. (Docket No. 85 at 9).

Under Pennsylvania law, in determining whether a valid contract was formed, the Court must consider "(1) whether both parties manifested an intention to be bound by the agreement; (2) whether the terms of the agreement are sufficiently definite to be enforced; and (3) whether there was consideration." *ATACS Corp. v. Trans World Commc'ns, Inc.*, 155 F.3d 659, 666 (3d Cir. 1998). Here, the parties do not dispute that the waiver satisfied the first two elements.

4

Indeed, the agreement is very detailed, written in plain English, outlines the rights and benefits that Plaintiff was to relinquish, and is signed by Plaintiff. (*See* Docket No. 80-3 at 1-5). Furthermore, Plaintiff is college-educated and, having served as an employee of Defendant for over twenty years, should have been familiar with the county's employment system. However, while Plaintiff has not contested that the agreement satisfies the first two elements, he contends that it is not valid because he did not receive any type of consideration in return for his waiver of rights. (Docket 85 at 9).

The disposition of contributions that have been paid into a county's retirement fund by a county employee whose employment ends before he is eligible for retirement benefits is governed by 16 P.S. §§ 4713 and 4714. Here, Plaintiff exercised his rights under § 4714(a), which provides that:

> [a]ny person contributing monthly or bi-weekly into the retirement fund who shall, for any cause, cease to be a county employe before he or she shall be eligible to receive the benefits of the retirement allowances, the total amount of the contributions paid into the retirement fund by such county employe shall be refunded to him or her by the board[.]

16 P.S. § 4714(a). Plaintiff contends that because Defendant was required by statute to refund his contributions, with interest, he did not receive consideration for his waiver because performance of an act that one is legally bound to perform is not consideration. (Docket No. 6 at 10).[3]

Turning to the language of the waiver, two sections contain recitations of consideration.

---

[3] The Court notes that Defendant has not filed a reply brief in response to Plaintiff's argument.

5

First, the waiver states that:

> employee has been advised by the authorized personnel of the Allegheny County Retirement Board to consult with counsel of employee's choice on employee's desire to waive, surrender and relinquish employee's statutory right to retirement benefits in exchange for or as consideration for employee receiving a refund of contributions made by employee to the Retirement System of Allegheny County, with interest . . .

(Docket No. 80-3 at 2). Second, the waiver provides that:

> for and in consideration of employee having received from the Allegheny County Retirement Board the sum of $54,972.88, which sum represents all contributions made by employee to the Allegheny County Retirement System by reason of his employment by Allegheny County, with interest thereon in the amount of $35,672.49, the receipt whereof is hereby acknowledged by employee . . .

(*Id.*). In return for this payment, Defendant waived his rights to any and all retirement benefits; this included a specific waiver to any rights to the matching contributions by Defendant to the Allegheny County Retirement System. (Docket No. 80-3 at 3). Thus, the language of the waiver indicates that return of Plaintiff's contributions, along with the accrued interest, was the consideration contemplated by the contract.

"Consideration is defined as a benefit to the party promising, or a loss or detriment to the party to whom the promise is made." *Brown v. Phila. Hous. Auth.*, 159 F. Supp. 2d 23, 26 (E.D. Pa. 2001)(quoting *Hillcrest Found. v. McFeaters*, 2 A.2d 775 (Pa. 1938)). "It is axiomatic that the performance of an act which one party is legally bound to render to the other party is not legal consideration." *Chatham Communications, Inc. v. General Press Corp.*, 344 A.2d 837, 840 (Pa. 1975). Here, as previously discussed, under 16 P.S. § 4714(a), Plaintiff was legally entitled to withdraw his contributions, along with the interest accrued, prior to his execution of the waiver.

Based on the foregoing, the Court finds that Plaintiff's argument that the waiver is invalid for lack of consideration may have some merit; accordingly, Plaintiff may present evidence regarding his pension contributions and his decision to exercise his rights under 16 P.S. § 4714(a) at the August 12, 2009 hearing. At the same time, as Defendant, to date, has not set forth any legal arguments to rebut Plaintiff's position regarding the waiver's lack of consideration, the Court will also consider additional argument on this issue at that time. Accordingly, to the extent that Plaintiff may present evidence on this issue, Defendant's motion is DENIED without prejudice; however, the Court will hold in abeyance its final ruling on this issue pending the receipt of any evidence and additional legal argument of the parties at the August 12, 2009 hearing.

### III. Defendant's Motion to Compel Production of Documents (Docket No. 86)

Defendant has moved to compel Plaintiff's counsel to produce all contemporaneous time records kept by Plaintiff's counsel during the course of this litigation. (Docket No. 86 at 2). Plaintiff's counsel asserts that he has, in fact, produced all time records in his possession that were kept in the course of this litigation. (Docket No. 88 at 1-4).[4] Accordingly, Defendant's motion is DENIED, as moot. However, Plaintiff is reminded that "[t]he party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable. To meet its burden

---

[4] To date, Plaintiff's counsel has provided the Court and Defendant with his sworn affidavit, his fee agreement with Plaintiff, his resume along with those of his paralegals, hard copies of both his written and computer calendars, timesheet summaries, and the affidavit of Timothy O'Brien, who declared that the rates of Plaintiff's counsel were comparable to the rates charged by Western Pennsylvania attorneys with similar skills, experience and reputation in the field of employment discrimination law. (*See* Docket No. 71 and 78).

the fee petitioner must submit evidence supporting the hours worked and the rates claimed," *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)(citations omitted), and this Court will only award fees that are supported by the records submitted.

## IV. Conclusion

For the reasons outlined herein, Plaintiff's Motion to Mold Verdict to Include Loss of Value of Whole Life Insurance Policy [79] is DENIED. Defendant's Motion in Limine to Exclude Pension Contributions from Back Pay Calculations [80] is DENIED, without prejudice, to the extent that Plaintiff may present evidence on this issue at the August 12, 2009 hearing; however, the Court will hold in abeyance its final ruling on this issue pending additional legal argument of the parties at the hearing on front and back pay calculations. Defendant's Motion to Compel Production of Documents [86] is DENIED as moot, as Plaintiff's counsel has not only represented to the Court that he has produced to Defendant all records ordered to be produced by this Court, but has also provided copies of said records to the Court.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: July 7, 2009
cc: All counsel of record